1  KAREN P. HEWITT
   United States Attorney
2  DAVID D. LESHNER
   Assistant U.S. Attorney
3  California State Bar No. 207815
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7163
   David.Leshner@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        )  Criminal Case No. 08-CR-0368-JLS
                                     )
11                    Plaintiff,     )  DATE:    March 21, 2008
                                     )  TIME:    1:30 p.m.
12         v.                        )
                                     )
13  RODOLFO VASQUEZ-GONZALEZ,        )  **UNITED STATES' NOTICE OF MOTION
                                     )  AND MOTION FOR RECIPROCAL
14                    Defendant.     )  DISCOVERY**
                                     )
15  _____ )

16

17         COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18  Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and

19  hereby files its motion for reciprocal discovery.  Said motion is based upon the files and records of this

20  case together with the attached memorandum of points and authorities.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**STATEMENT OF THE CASE**

On February 20, 2008, defendant Rodolfo Vasquez-Gonzalez was arraigned on a two-count Indictment charging him with bringing in illegal aliens for financial gain, harboring illegal aliens and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii), (a)(1)(A)(iii) and (v)(II) and 18 U.S.C. § 2. Defendant entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

**A.     Defendant's Apprehension**

In the early morning hours of November 8, 2007, Border Patrol Agent J. Arroyo was on duty in the "East Fence" area of Calexico, California, approximately one-half mile east of the Calexico East Port of Entry. At approximately 3:20 a.m., Agent Arroyo received a report that there was a hole in the International Boundary Fence just south of First Street. Suspecting that alien smugglers had cut the hole to facilitate the entry of illegal aliens into the United States, Agent Arroyo responded to the location and positioned himself in a concealed location where he could maintain sight of the hole.

At approximately 3:39 a.m., Agent Arroyo observed a suspected illegal alien enter the United States through the hole in the International Boundary Fence and proceed north. As Agent Arroyo approached the alien, he saw Defendant standing outside 739 First Street, Apartment A, a residence located directly across the street from the fence. Defendant yelled for the suspected alien to run into the apartment and also made hand gestures beckoning her to enter.

Agent Arroyo identified himself as a Border Patrol Agent and commanded Defendant and the suspected alien to stop where they were. Defendant ignored the command, retreated inside the apartment and locked the door. The suspected alien attempted to enter the apartment, but Agent Arroyo apprehended her before she could do so.

Agent Arroyo conducted a field interview of the suspected alien who identified herself as Lizbeth Bojorquez-Salazar. In response to Agent Salazar's questioning, Bojorquez admitted to being a citizen of Mexico without documents allowing her to lawfully enter or remain in the United States.

1  Agent Arroyo then arrested Bojorquez, and she was transported to the Calexico Border Patrol Station

2  for processing.

3      Agent Arroyo remained in the vicinity of 739 First Street, Apartment A, and several minutes

4  later he heard Defendant ask a passing pedestrian whether there were any "migra" (slang for Border

5  Patrol) in the area.  The pedestrian responded, "no," and Agent Arroyo observed two individuals exit

6  the apartment through the back door.  Agent Arroyo approached the individuals and asked them to tell

7  Defendant to come out of the residence.  Defendant exited the residence shortly thereafter and was

8  placed under arrest.

9  **B.**   **Defendant's Post-Arrest Statement**

10      Defendant received <u>Miranda</u> warnings and declined to make a statement.

11  **C.**   **Material Witness' Statement**

12      Bojorquez informed agents that she had traveled from Sinaloa to Mexicali, Mexico on or about

13  October 8, 2007.  Following an unsuccessful attempt to enter the United States using false documents,

14  Bojorquez stated that her cousin made arrangements for her to be smuggled into the United States for

15  $2,500.  The smuggler arrived at Bojorquez' hotel room in the evening of November 7, 2007 and told

16  her he would return after he cut a hole in the fence.  The smuggler returned at approximately 3:00 a.m.,

17  and took her to the hole in the fence.

18      The smuggler pointed to where Defendant was standing and told her she should go through the

19  hole, run to Defendant and enter his apartment.  When Bojorquez was proceeding through the hole, she

20  heard Defendant yell to her and gesture to her to run inside the apartment.  Bojorquez stated she

21  attempted to enter the apartment but was apprehended before she could do so.  Bojorquez identified

22  Defendant from a six-pack photo lineup as the individual who told her to run into the apartment.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

### III

### **MOTION FOR RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 66 pages of discovery, including the report of his arrest, his rap sheet and a DVD of his post-arrest statements and the material witness' statement.

The Government moves the Court to order Defendant to provide all reciprocal discovery to which the Government is entitled under Federal Rules of Criminal Procedure 16(b) and 26.2. Specifically, Rule 16(b)(1) requires Defendant to disclose to the Government all exhibits, documents and reports of testing or examination which he intends to use in his case-in-chief at trial and a written summary of the names, anticipated testimony, and bases for opinions of experts he intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

### IV

### **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court grant its motion.

DATED: February 25, 2008.          Respectfully submitted,

                                   Karen P. Hewitt
                                   United States Attorney

                                   s/ David D. Leshner
                                   DAVID D. LESHNER
                                   Assistant U.S. Attorney

08CR0368-JLS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-0368-JLS |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| RODOLFO VASQUEZ-GONZALEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **UNITED STATES' NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Russell Babcock, Esq.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2008.


/s/ David D. Leshner
DAVID D. LESHNER

5

08CR0368-JLS