1  KAREN P. HEWITT
   United States Attorney
2  DAVID D. LESHNER
   Assistant U.S. Attorney
3  California State Bar No. 207815
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7163
   David.Leshner@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,            )  Criminal Case No. 08-CR-0368-JLS
                                         )
11                        Plaintiff,     )  DATE:    May 8, 2008
                                         )  TIME:    10:00 a.m.
12            v.                         )
                                         )
13  RODOLFO VASQUEZ-GONZALEZ,            )  **UNITED STATES' MOTIONS IN LIMINE**
                                         )  **TO:**
14                        Defendant.     )  **(A)    ALLOW ARGUMENT THAT**
                                         )          **DEFENDANT NEED NOT ACT**
15                                       )          **FOR PERSONAL FINANCIAL**
                                         )          **GAIN;**
16                                       )  **(B)    ADMIT MATERIAL WITNESS'**
                                         )          **STATEMENTS;**
17                                       )  **(C)    ADMIT CO-CONSPIRATOR**
                                         )          **STATEMENTS;**
18                                       )  **(D)    ADMIT RULE 404(B)**
                                         )          **EVIDENCE;**
19                                       )  **(E)    PROHIBIT EVIDENCE AND**
                                         )          **ARGUMENT RELATED TO AGE,**
20                                       )          **FINANCES, EDUCATION,**
                                         )          **HEALTH, AND PUNISHMENT;**
21                                       )  **(F)    PRECLUDE DEFENSE EXPERT**
                                         )          **TESTIMONY;**
22                                       )  **(G)    EXCUSE WITNESSES EXCEPT**
                                         )          **FOR CASE AGENT; AND**
23                                       )  **(H)    RENEWED MOTION FOR**
                                         )          **RECIPROCAL DISCOVERY**
24                                       )
                                         )
25  _____)

26

27

28

1   COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

2   Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and

3   hereby files its motions in limine.  Said motions are based upon the files and records of this case

4   together with the attached memorandum of points and authorities.

5   **I**

6   **STATEMENT OF THE CASE**

7   On February 20, 2008, defendant Rodolfo Vasquez-Gonzalez was arraigned on a two-count

8   Indictment charging him with bringing in illegal aliens for financial gain, harboring illegal aliens and

9   aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii); (a)(1)(A)(iii); and (v)(II) and 18

10  U.S.C. § 2.  Defendant entered a plea of not guilty.

11  **II**

12  **STATEMENT OF FACTS**

13  **A.    Defendant's Apprehension**

14  In the early morning hours of November 8, 2007, Border Patrol Agent J. Arroyo was on duty in

15  the "East Fence" area of Calexico, California, approximately one-half mile east of the Calexico, CA

16  West Port of Entry.  At approximately 3:20 a.m., Agent Arroyo received a report that there was a hole

17  in the International Boundary Fence south of 739 First Street, a residence located directly across the

18  street from the fence.  Suspecting that alien smugglers had cut the hole to facilitate the entry of illegal

19  aliens into the United States, Agent Arroyo responded to the location and positioned himself in a

20  concealed location where he could maintain sight of the hole.

21  At approximately 3:39 a.m., Agent Arroyo observed a suspected illegal alien enter the United

22  States through the hole in the International Boundary Fence and proceed north toward 739 First Street.

23  As Agent Arroyo approached the alien, he saw Defendant standing outside the doorway of 739 First

24  Street, Apartment A.  Defendant yelled for the suspected alien to run into the apartment and made hand

25  gestures beckoning her to enter.

26  Agent Arroyo identified himself as a Border Patrol Agent and commanded Defendant and the

27  suspected alien to stop where they were.  Defendant ignored the command, retreated inside the

28  / / /

1    apartment and locked the door.  The suspected alien attempted to enter the apartment, but Agent Arroyo

2    apprehended her before she could do so.

3          Agent Arroyo conducted a field interview of the suspected alien who identified herself as

4    Lizbeth Bojorquez-Salazar.  In response to Agent Salazar's questioning, Bojorquez admitted to being

5    a citizen of Mexico without documents allowing her to lawfully enter or remain in the United States.

6    Agent Arroyo then arrested Bojorquez, and she was transported to the Calexico Border Patrol Station

7    for processing.

8          Agent Arroyo remained in the vicinity of 739 First Street, Apartment A, and several minutes

9    later he heard Defendant ask a passing pedestrian whether there were any "migra" (slang for Border

10   Patrol) in the area.  The pedestrian responded, "no," and Agent Arroyo observed two individuals exit

11   the apartment through the back door.  Agent Arroyo approached the individuals and asked them to tell

12   Defendant to come out of the residence.  Defendant exited the residence shortly thereafter and was

13   placed under arrest.

14   **B.    Defendant's Post-Arrest Statement**

15         Defendant received <u>Miranda</u> warnings and declined to make a statement.

16   **C.    Material Witness' Statement**

17         Bojorquez informed agents that she had traveled from Sinaloa to Mexicali, Mexico on or about

18   October 8, 2007.  Following an unsuccessful attempt to enter the United States using false documents,

19   Bojorquez stated that her cousin made arrangements for her to be smuggled into the United States for

20   $2,500.  The smuggler arrived at Bojorquez' hotel room in the evening of November 7, 2007 and told

21   her he would return after he cut a hole in the fence.  The smuggler returned at approximately 3:00 a.m.,

22   and took her to the hole in the fence.

23         The smuggler pointed to where Defendant was standing and told her she should go through the

24   hole, run to Defendant and enter his apartment.  When Bojorquez was proceeding through the hole, she

25   heard Defendant yell to her and gesture to her to run inside the apartment.  Bojorquez stated she

26   attempted to enter the apartment but was apprehended before she could do so.  Bojorquez identified

27   Defendant from a six-pack photo lineup as the individual who told her to run into the apartment.

28   / / /

# III

## MOTIONS IN LIMINE

**A.    The Court Should Allow Argument That Defendant Need Not Act For Personal Financial Gain.**

Count One of the Indictment charges Defendant with Bringing in Illegal Aliens for Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and Aiding and Abetting in violation of 18 U.S.C. § 2. "In the context of aider and abettor liability, there is a single crime that the defendant is charged with committing; he could commit that offense by directly performing illegal acts himself, or by aiding, abetting, counseling, commanding, inducing, or procuring the commission of the offense. Whichever, the defendant (if convicted) is liable as a principal." United States v. Garcia, 400 F.3d 816, 819 (9th Cir. 2005).

The plain language of 8 U.S.C. § 1324(a)(2)(B)(ii) requires only that the offense be done for the purpose of commercial advantage or private financial gain. The statute "does not require evidence of an actual payment" but "merely requires that the offense was done for the purpose of financial gain." United States v. Angwin, 271 F.3d 786, 805 (9th Cir. 2001), overruled on other grounds, United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007) (en banc).

By proceeding under an aiding and abetting theory, the Government need not prove that Defendant personally acted for the purpose of commercial advantage or private financial gain. See United States v. Munoz, 412 F.3d 1043, 1047 (9th Cir. 2005). As the Ninth Circuit explained in United States v. Tsai, 282 F.3d 690 (9th Cir. 2001), "[b]ecause [the defendant] was charged as an aider and abettor under 18 U.S.C. § 2, the government could make out this [financial gain] element merely by proving that a principal – not necessarily [the defendant] himself – committed the crime with a pecuniary motive; it need not show actual payment or even an agreement to pay." Id. at 697 (citation omitted). See also United States v. Schemenauer, 394 F.3d 746, 751 (9th Cir. 2005) (affirming conviction for bringing in illegal alien for financial gain where smuggled alien expected that someone would be paid $3,000 for her transportation, and there was no explanation for the defendant's participation in the alien smuggling scheme "other than an intent to share in the payments to be made"). / / /

1    The foregoing authorities make clear that to convict Defendant of aiding and abetting bringing

2    in for financial gain, the Government need only prove that a principal (not necessarily Defendant)

3    committed the offense with pecuniary motive.  Accordingly, the Court should permit the Government

4    to argue that Defendant may be liable under 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 so long as

5    there is evidence that someone was to be paid to smuggle the material witness into the United States and

6    that Defendant aided and abetted the offense.

7    **B.    The Court Should Admit Stipulated Facts And The Material Witness' Statements.**

8    Following Defendant's apprehension in November 2007, the Government made a "fast-track"

9    plea offer.  Defendant accepted the plea offer, and, on December 6, 2007, Defendant waived indictment

10    and was arraigned on a one-count information charging him with Transportation of Illegal Aliens in

11    violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  Defendant and the Government further stipulated that the

12    material witness, Lizbeth Bojorquez-Salazar, would be released to her home country.  Magistrate Judge

13    Peter C. Lewis  approved the stipulation on December 6, 2007. [Exhibit A.]

14    Following Bojorquez' return to Mexico, defense counsel informed Government counsel that

15    Defendant had changed his mind and would not plead guilty.  The parties' stipulation provides that,

16    should Defendant not plead guilty, (1) the facts contained in the stipulation "shall be admitted as

17    substantive evidence" and (2) "[t]he United States may elicit hearsay testimony from arresting agents

18    regarding any statements made by the material witness provided in discovery, and such testimony shall

19    be admitted as substantive evidence under Fed.R.Evid. 804(b)(3) as statements against interest of an

20    unavailable witness . . ." [Exhibit A, p. 2.]

21    It is undisputed that Defendant has elected not to plead guilty.  Accordingly, the facts contained

22    in paragraph 4 of the stipulation pertaining to Borjoquez' alienage and smuggling arrangements are

23    admissible.  Further, Defendant has expressly waived any hearsay objections as well as his right to

24    confront Bojorquez under Crawford v. Washington 541 U.S. 36 (2004), and agents properly may testify

25    as to statements Bojorquez made to them.

26    / / /

27    / / /

28    / / /

C.    **The Court Should Admit Co-Conspirator Statements Concerning Smuggling Arrangements.**

Law enforcement agents also should be permitted to testify concerning Bojorquez' statements about what others told her concerning her smuggling.  For example, according to Bojorquez, the smuggler told her to go through the hole in the fence and run to where Defendant was standing outside 739 First Street. This type of order or instruction is not hearsay.  See, e.g., United States v. Bellomo, 176 F.3d 580, 586 (2d Cir.1999) ("Statements offered as evidence of commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay."); United States v. Shepherd, 739 F.2d 510, 514 (10th Cir.1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth.").  Nonetheless, to the extent that Bojorquez' statements (as testified to by the agent) include statements made by Defendant's accomplices in the smuggling venture offered for the truth of the matter asserted, the statements are admissible under Federal Rule of Evidence 801(d)(2)(E).

Federal Rule of Evidence 801(d)(2)(E) specifically defines statements made by a coconspirator of a party during the course and  in furtherance of a conspiracy as non-hearsay.   In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court re-affirmed its holding in United States v. Bourjaily, 483 U.S. 171 (1987), that co-conspirator statements are non-testimonial and do not implicate the Confrontation Clause regardless whether the defendant was afforded a prior opportunity for cross examination. Crawford, 541 U.S. at 56.  The Ninth Circuit similarly has recognized that Crawford did not affect the admissibility of co-conspirator statements under Rule 801(d)(2)(E) "because co-conspirator statements are not testimonial."  United States v. Bridgeforth, 461 F.3d 864, 869 n.1 (9th Cir. 2006).

Co-conspirator statements are admissible under Rule 801(d)(2)(E) if the United States demonstrates that (1) a conspiracy existed, (2) the defendant and the declarant were members of the conspiracy, and (3) the statement was made during the course of and in furtherance of the conspiracy. See Bourjaily, 483 U.S. at 175; Bridgeforth, 461 F.3d at 869.  These are questions of fact that must be resolved by the Court by a preponderance of the evidence. Fed. R. Evid. 104; Bourjaily, 483 U.S. at 175.  "Furtherance of a conspiracy" is to be interpreted broadly. United States v. Manfre, 368 F.3d 832,

838 (8th Cir. 2004). In determining these preliminary questions, the Court "is not bound by the rules of evidence except those with respect to privilege." Fed. R. Evid. 104(a).

The Court may consider the content of the statements in determining whether the co-conspirator statement is admissible. Bourjaily, 483 U.S. at 180. Further, once the Court finds that the statement meets the evidentiary requirements for admission under Rule 801(d)(2)(E), the Court need not make an additional inquiry as to whether the declarant is unavailable or whether there is any independent indicia of reliability. Id. at 182-184.

To admit co-conspirator statements, the Government need not charge the defendant with conspiracy, United States v. Layton, 855 F.2d 1388, 1398 (9th 1988), or charge the declarant as a co-defendant in any conspiracy. United States v. Jones, 542 F.2d 186 (4th Cir. 1976). Further, upon joining the conspiracy, earlier statements made by co-conspirators after inception of the conspiracy become admissible against the defendant. United States v. Anderson, 532 F.2d 1218, 1230 (9th Cir. 1976) ("Statements of a co-conspirator are not hearsay even if made prior to the entry of the conspiracy by the party against whom it is used."). See also United States v. United States Gypsum Co., 333 U.S. 364, 393 (1948) ("the declarations and acts of various members, even though made prior to the adherence of some to the conspiracy become admissible against all as declarations or acts of coconspirators in aid of the conspiracy"). In other words, a defendant who joins the conspiracy at a later date, takes the conspiracy as he finds it. United States v. Hickey, 360 F.2d 127, 140 (7th Cir. 1966).

### 1.    A Conspiracy Existed

In this case, the conspiracy consists of the efforts made by known and unknown persons, including Defendant, the material witness and smugglers in Mexico to smuggle the material witness into the United States, harbor her and transport her to her destination within the United States. The evidence of this conspiracy stems both from the statements of the material witness as well as the facts and circumstances surrounding Defendant's apprehension.

### 2.    Defendant And The Declarant Were Members Of The Conspiracy

The Government anticipates that the statements made by Bojorquez will demonstrate that she received instructions from the smuggler in Mexico to run to the residence where Defendant was positioned and that Defendant would hide her there. Defendant's own conduct in standing outside the

739 First Street residence and instructing Bojorquez to enter provides additional evidence of Defendant's membership in the conspiracy to smuggle Bojorquez into the United States.

### 3.     The Statements Were Made During The Course Of And In Furtherance Of The Conspiracy.

The co-conspirator statements that the Government contends are non-hearsay involve statements concerning the material witness' entry into the United States and her harboring in the 739 First Street residence.     Accordingly, the statements plainly were in the course of and in furtherance of the conspiracy.

### 4.     The Court May Conditionally Admit Co-Conspirator Statements

The district court possesses the discretion to conditionally admit co-conspirator statements subject to a motion to strike if the Government fails to establish the requisite foundation.  United States v. Reed, 726 F.2d 570, 580 (9th Cir. 1984); United States v. Loya, 807 F.2d 1483, 1490 (9th Cir. 1987).

### D.     The Court Should Admit Rule 404(b) Evidence.

Defendant has been apprehended smuggling aliens on at least nine occasions in 2006 and 2007 prior to the instant offense.  The Government seeks to introduce evidence of four of those apprehensions under Federal Rule of Evidence 404(b).  Rule 404(b) provides, in relevant part:

> (b) **Other Crimes, Wrongs, or Acts.**–Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown of the general nature of any such evidence it intends to introduce at trial.

Rule 404(b) is a rule of inclusion one, and "evidence of other crimes is inadmissible under this rule only when it proves nothing but the defendant's criminal propensities."  United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992); see also United States v. Hinostroza, 297 F.3d 924, 928 (9th Cir. 2002) ("The only time such evidence may be excluded by rule 404(b) is if the evidence 'tends to prove only criminal disposition.'") (citation omitted, emphasis in original); United States v. Cruz-Garcia, 344 F.3d 951, 954 (9th Cir. 2003) ("[W]e have held that Rule 404(b) is one of inclusion, and if evidence of prior crimes bears on other relevant issues, 404(b) will not exclude it.") (citation omitted).

Evidence offered to prove something other than propensity – such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident – falls within the scope of Rule 404(b). This list is illustrative, not exhaustive. <u>Cruz-Garcia</u>, 344 F.3d at 955; <u>United States v. Johnson</u>, 132 F.3d 1279, 1282 (9th Cir. 1997) ("So long as the evidence is offered for a proper purpose, such as to prove intent, the district court is accorded wide discretion in deciding whether to admit the evidence and the test for admissibility is one of relevance.").

Rule 404(b) is of particular importance in criminal proceedings such as this case where the intent of the accused is a relevant issue. As the Supreme Court indicated in <u>United States v. Huddleston</u>, 485 U.S. 681 (1988), "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." <u>Id.</u> at 685.

When offered a purpose other than propensity, evidence of other acts is admissible under Rule 404(b) where: (1) the act tends to prove a material point; (2) it is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; (4) the act is similar to the offense charged; and (5) the act's probative value is not substantially outweighed by unfair prejudice under Rule 403. <u>United States v. Romero</u>, 282 F.3d 683, 688 (9th Cir. 2002) (citation omitted). Application of these five factors to Defendant's prior alien smuggling apprehensions weighs heavily in favor of admissibility.

First, Defendant's prior involvement in the smuggling of illegal aliens is material to the issues of knowledge, intent, plan, identity and absence of mistake. See <u>United States v. Hodges</u>, 770 F.2d 1475, 1479 (9th Cir. 1985) (other act evidence may be introduced if the Government establishes its relevance to an actual issue in the case). The Ninth Circuit has upheld the admission of evidence of prior arrests and convictions for transporting illegal aliens to establish a defendant's knowledge and intent. See <u>United States v. Winn</u>, 767 F.2d 527, 530 (9th Cir. 1985) (defendant's prior conviction for transportation of illegal aliens was properly admitted "because it shows that appellant had knowledge of the smuggling operation in which he was involved"); <u>United States v. Longoria</u>, 624 F.2d 66,69 (9th Cir. 1980) (district court did not err in admitting into evidence defendant's conviction for transporting illegal aliens two years prior because it was "highly relevant and admissible to show the requisite

1   knowledge, criminal intent, and lack of innocent purpose"); <u>United States v. Herrera-Medina</u>, 609 F.2d

2   376, 379-80 (9th Cir. 1979) (district court properly admitted defendant's prior alien smuggling

3   apprehensions to establish knowledge;  <u>United States v. Holley</u>, 493 F.2d 581, 584 (9th Cir. 1974)

4   (defendant's prior apprehension for transporting illegal aliens was properly admitted to show

5   knowledge, even though the apprehension did not result in a prosecution).

6          Second, the "other act" evidence the Government seeks to introduce is not too remote in time.

7   There is no bright-line rule requiring the Court to exclude other act evidence after a certain period of

8   time has elapsed.  <u>See</u> <u>United States v. Brown</u>, 880 F.2d 1012, 1015 n. 3 (9th Cir. 1989).  Defendant's

9   prior apprehensions – all of which occurred less than two years prior to the instant offense – are

10  sufficiently recent for the purposes of Rule 404(b).  <u>See</u>, <u>e.g.</u>, <u>United States  v. Johnson</u>, 132 F.3d 1279,

11  1283 (9th Cir. 1997) (upholding admission of other act that occurred 13 years before charged crime);

12  <u>United States v. Ross</u>, 886 F.2d 264, 267 (9th Cir. 1989) (same).

13         Third, the Government will present sufficient evidence of Defendant's prior involvement in alien

14  smuggling.  Other act evidence under Rule 404(b) should be admitted if "there is sufficient evidence

15  to support a finding by the jury that the defendant committed the similar act."  <u>Huddleston v. United</u>

16  <u>States</u>, 485 U.S. 681, 685 (1988).  The testimony of a single witness satisfies the low-threshold test of

17  sufficient evidence for purposes of Rule 404(b).  <u>See</u> <u>United States v. Dhingra</u>, 371 F.3d 557, 566-57

18  (9th Cir. 2004).  Here, the Government will satisfy this threshold through percipient witness testimony.

19         Fourth, Defendant's prior alien smuggling endeavors are similar to the instant offense.

20         Finally, this evidence is highly probative and is "not the sort of conduct which would provoke

21  a strong and <u>unfairly</u> prejudicial emotional response from the jury."  <u>United States v. Ramirez-Jiminez</u>,

22  967 F.2d 1321, 1327 (1992) (emphasis added).

23  **E.      The Court Should Prohibit Reference to Defendant's Health, Age, Finances, Education and**

24          **Potential Punishment.**

25         Evidence and argument referring to Defendant's health, age, finances, education and potential

26  punishment is inadmissible and improper.  Federal Rule of Evidence 402 provides: "Evidence which

27  is not relevant is not admissible."  Rule 403 provides further that even relevant evidence may be

28  inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice."

Section 3.1 of the Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." Reference to Defendant's health, age, finances and education may be relevant at sentencing. At trial, however, such reference is irrelevant and unfairly prejudicial, and potentially akin to a request for jury nullification as well.

The Court should also preclude evidence and argument related to Defendant's potential punishment. See Shannon v. United States, 512 U.S. 573, 579 (1994) (providing jurors with information regarding the potential sentence "invites them to ponder matters that are not within their province, distracts them from their fact finding  responsibilities, and creates a strong possibility of confusion."); United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991).

**F.      The Court Should Preclude Any Expert Testimony By Defense Witnesses.**

Defendant has not provided notice of any prospective expert witness, any reports by any expert witnesses, or any reciprocal discovery. Accordingly, Defendant should not be permitted to introduce any expert testimony at trial. If the Court determines that Defendant may introduce expert testimony in the future, the Government requests a hearing to determine the expert's qualifications and relevance of the expert's testimony pursuant to Rule 702. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999); United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to exclude the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir. 2000).

**G.      The Court Should Exclude Testifying Witnesses**

Pursuant to Rule 615, the Court should exclude all testifying percipient witnesses from the Courtroom so that they cannot hear the testimony of the other witnesses. The Government's case agent is essential to the Government's case and should not be excluded under Rule 615(3).

**H.      Renewed Motion For Reciprocal Discovery**

As of the date of the preparation of these motions, Defendant has not produced any reciprocal discovery. The Government requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2, which requires the production of prior statements of all witnesses, except for those of Defendant. Defendant has not provided the Government with any

documents or statements. The Government intends seek suppression of any evidence at trial which has

not been timely provided to the Government.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motions.


DATED: April 24, 2008.          Respectfully submitted,

                                Karen P. Hewitt
                                United States Attorney

                                s/ David D. Leshner
                                DAVID D. LESHNER
                                Assistant U.S. Attorney

08CR0368-JLS

1          UNITED STATES DISTRICT COURT

2          SOUTHERN DISTRICT OF CALIFORNIA

3
UNITED STATES OF AMERICA,          )          Case No. 08-CR-0368-JLS
4                                   )
                    Plaintiff,      )
5                                   )
              v.                    )
6                                   )          CERTIFICATE OF SERVICE
RODOLFO VASQUEZ-GONZALEZ,           )
7                                   )
                    Defendant.      )
8    _____ )

9    IT IS HEREBY CERTIFIED THAT:

10          I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age.

11   My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12          I am not a party to the above-entitled action.  I have caused service of **UNITED STATES'**

13   **MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk

14   of the District Court using its ECF System, which electronically notifies them.

15          Russell Babcock, Esq.

16

17          I declare under penalty of perjury that the foregoing is true and correct.

18          Executed on April 24, 2008.

19

20                              /s/ David D. Leshner
                                DAVID D. LESHNER
21

22

23

24

25

26

27

28

13                                                            08CR0368-JLS