KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
California State Bar No. 207815
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08-CR-0368-JLS |
|---|---|
| Plaintiff, | ) DATE: May 12, 2008 |
| | ) TIME: 9:00 a.m. |
| v. | ) |
| RODOLFO VASQUEZ-GONZALEZ, | ) **UNITED STATES' TRIAL** |
| | ) **MEMORANDUM** |
| Defendant. | ) |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its Trial Memorandum.

**I**

**STATEMENT OF THE CASE**

**A.   INDICTMENT**

On February 20, 2008, defendant Rodolfo Vasquez-Gonzalez was arraigned on a two-count Indictment charging him with bringing in illegal aliens for financial gain, attempted harboring of illegal aliens and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii); (a)(1)(A)(iii); and (v)(II) and 18 U.S.C. § 2. Defendant entered a plea of not guilty.

///

**B.	TRIAL STATUS**

A jury trial is scheduled for May 12, 2008, at 9:00 a.m. before the Honorable Janis L. Sammartino, United States District Judge. The United States expects its case-in-chief to last approximately two days.

**C.	DEFENSE COUNSEL**

Defendant is represented by appointed counsel, Russell Babcock.

**D.	DEFENDANT'S CUSTODY STATUS**

Defendant is in custody.

**E.	INTERPRETER**

The United States will not require the assistance of a Spanish-speaking interpreter for any of its witnesses.

**F.	JURY WAIVER**

Defendant has not filed a jury waiver.

**G.	PRETRIAL MOTIONS**

On February 1, 2008, defendant filed a motion for discovery. On February 25, 2008, the United States responded to defendant's motion and filed a motion for reciprocal discovery. On April 24, 2008, the United States filed motions in limine. The Court will hear all motions on May 8, 2008 at 10:00 a.m.

**H.	STIPULATIONS**

On December 6, 2007, the parties entered into a written stipulation to release the material witness, Lizbeth Bojorquez-Salazar. [Exhibit A is a copy of the stipulation.] In light of Defendant's subsequent election not to plead guilty, the stipulation provides that certain facts concerning Bojorquez shall be admitted as substantive evidence and that the United States may elicit testimony from law enforcement agents regarding statements made by Bojorquez.

**I.	DISCOVERY**

The Government has fully complied with its discovery obligations. To date, Defendant has not provided reciprocal discovery.

/ / /

/ / /

## II

## **STATEMENT OF FACTS**

**A.    Defendant's Apprehension**

In the early morning hours of November 8, 2007, Border Patrol Agent J. Arroyo was on duty in the "East Fence" area of Calexico, California, approximately one-half mile east of the Calexico, CA West Port of Entry.  At approximately 3:20 a.m., Agent Arroyo received a report that there was a hole in the International Boundary Fence south of 739 First Street, a residence located directly across the street from the fence.  Suspecting that alien smugglers had cut the hole to facilitate the entry of illegal aliens into the United States, Agent Arroyo responded to the location and positioned himself in a concealed location where he could maintain sight of the hole.

At approximately 3:39 a.m., Agent Arroyo observed a suspected illegal alien enter the United States through the hole in the International Boundary Fence and proceed north toward 739 First Street.  As Agent Arroyo approached the alien, he saw Defendant standing outside the doorway of 739 First Street, Apartment A.  Defendant yelled for the suspected alien to run into the apartment and made hand gestures beckoning her to enter.

Agent Arroyo identified himself as a Border Patrol Agent and commanded Defendant and the suspected alien to stop where they were.  Defendant ignored the command, retreated inside the apartment and locked the door.  The suspected alien attempted to enter the apartment, but Agent Arroyo apprehended her before she could do so.

Agent Arroyo conducted a field interview of the suspected alien who identified herself as Lizbeth Bojorquez-Salazar.  In response to Agent Salazar's questioning, Bojorquez admitted to being a citizen of Mexico without documents allowing her to lawfully enter or remain in the United States.  Agent Arroyo then arrested Bojorquez, and she was transported to the Calexico Border Patrol Station for processing.

Agent Arroyo remained in the vicinity of 739 First Street, Apartment A, and several minutes later he heard Defendant ask a passing pedestrian whether there were any "migra" (slang for Border Patrol) in the area.  The pedestrian responded, "no," and Agent Arroyo observed two individuals exit the apartment through the back door.  Agent Arroyo approached the individuals and asked them to tell

Defendant to come out of the residence. Defendant exited the residence shortly thereafter and was placed under arrest.

**B.      Defendant's Post-Arrest Statement**

Defendant received <u>Miranda</u> warnings and declined to make a statement.

**C.      Material Witness' Statement**

Bojorquez informed agents that she had traveled from Sinaloa to Mexicali, Mexico on or about October 8, 2007. Following an unsuccessful attempt to enter the United States using false documents, Bojorquez stated that her cousin made arrangements for her to be smuggled into the United States for $2,500. The smuggler arrived at Bojorquez' hotel room in the evening of November 7, 2007 and told her he would return after he cut a hole in the fence. The smuggler returned at approximately 3:00 a.m., and took her to the hole in the fence.

The smuggler pointed to where Defendant was standing and told her she should go through the hole, run to Defendant and enter his apartment. When Bojorquez was proceeding through the hole, she heard Defendant yell to her and gesture to her to run inside the apartment. Bojorquez stated she attempted to enter the apartment but was apprehended before she could do so. Bojorquez identified Defendant from a six-pack photo lineup as the individual who told her to run into the apartment.

## III

## DEFENDANT'S CRIMINAL HISTORY

Defendant has multiple arrests for alien smuggling and other offenses but has no convictions of which the United States is aware.

## IV

## WITNESSES

The United States expects to call the following witnesses, although it reserves the right to change the order of these witnesses, substitute witnesses, add, or omit one or more witnesses.

1.      Border Patrol Agent Michael Scott

2.      Border Patrol Agent Jose Arroyo

3.      Border Patrol Agent Joseph Scariano

4.      Border Patrol Agent Bryan Yeo

5.    Customs and Border Protection Agent Alfonso Gordon

6.    Customs and Border Protection Agent Ramon Galindo

# V

# EXHIBITS

The Government will provide a complete exhibit list prior to trial and allow defense counsel to examine the exhibits before trial. The Government currently intends to offer the following into evidence:

1.    Photographs of 739 First Street and the surrounding area

2.    Videotaped interview of Lizbeth Bojorquez-Salazar

# VI

# APPLICABLE LAW

**A.    Bringing In Illegal Aliens For Financial Gain**

The essential elements of a violation of 8 U.S.C. Section 1324(a)(2)(B)(ii) are:

1.    The defendant brought a person who was an alien into the United States for the purpose of commercial advantage or private financial gain;

2.    The defendant knew or was in reckless disregard of the fact that the person was an alien who had not received prior official authorization to come to, enter or reside in the United States;

3.    The defendant acted with the intent to violate the United States immigration laws.

9th Cir., Manual of Model Jury Instructions for the Ninth Circuit, § 9.1A (2003), added January 2007.

An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer. The term "private financial gain" means any economic benefit.

**B.    Aiding And Abetting**

Under 18 U.S.C. § 2, the essential elements of aiding and abetting the offense of bringing in illegal aliens for financial gain are:

1.    The bringing in of illegal aliens for financial gain was committed by someone;

2.    The Defendant knowingly and intentionally aided, counseled, commanded, induced

1 or procured that person to commit the bringing in of illegal for financial gain or transportation of illegal
2 aliens; and

3     3.    The Defendant acted before the crime was completed.

4 9th Cir., Manual of Model Jury Instructions for the Ninth Circuit, § 5.1 (2003), modified February 2005.

5     "Aiding and abetting is not a separate and distinct offense from the underlying substantive crime,
6 but is a different theory of liability for the same offense." United States v. Garcia, 400 F.3d 816, 820
7 (9th Cir. 2005). "For a defendant to be guilty of aiding and abetting, it is necessary that he in some way
8 associate himself with the venture, that he participate in it as in something that he wishes to bring about,
9 that he seek by his action to make it succeed." United States v. Carranza, 289 F.3d 634, 642 (9th Cir.
10 2002) (internal citations omitted).

11     The plain language of 8 U.S.C. § 1324(a)(2)(B)(ii) requires only that the offense be done for the
12 purpose of commercial advantage or private financial gain. A defendant who does not physically
13 transport aliens across the border may be held criminally liable for aiding and abetting a "brings to"
14 offense as long as the defendant knowingly and intentionally commanded, counseled, or encouraged the
15 initial transporter to commit the "brings to" offense. United States v. Lopez, 484 F.3d 1186, 1199-1200
16 (9th Cir. 2007) (en banc).

17 **C.**     **Harboring Illegal Aliens**

18     The essential elements of a violation of 8 U.S.C. Section 1324(a)(1)(A)(iii) are:

19     1.    The material witness [Lizbeth Bojorquez-Salazar] was an alien;

20     2.    The material witness was not lawfully in the United States;

21     3.    The Defendant was in reckless disregard of the fact that the material witness was not
22 lawfully in the United States; and

23     4.    The Defendant concealed the material witness for the purpose of avoiding the
24 material witness' detection by immigration authorities.

25 9th Cir., Manual of Model Jury Instructions for the Ninth Circuit, § 9.3 (2003).

26 / / /

27 / / /

28 / / /

**D.**     **Attempt**

The essential elements of an attempt to harbor illegal aliens in violation of 8 U.S.C. Section 1324(a)(1)(A)(iii) are:

1. The Defendant intended to commit the crime of harboring illegal aliens; and
2. The Defendant did something which was a substantial step toward committing the crime

9th Cir., Manual of Model Jury Instructions for the Ninth Circuit, §§ 5.3, 9.3 (2003)

## VII

## OTHER LEGAL ISSUES

All outstanding legal issues will be addressed at the May 8, 2008 motions in limine hearing.

## VIII

## PROPOSED VOIR DIRE

1. Of those of you who have sat on criminal juries, did any of those juries fail to reach a unanimous verdict?
2. Has anyone had an unpleasant experience with any law enforcement personnel?
3. Has anyone had any disputes with any agency of the United States Government?
4. Does anyone have relatives or close friends who have been investigated, arrested, accused or charged with a crime?
5. Does anyone have relatives or close friends who have been deported or removed?
6. Does anyone have strong feelings about the United States Border Patrol or any other federal agency involved in immigration issues?
7. Does anyone believe that our country's immigration laws are too harsh?
8. Does anyone believe everyone should be allowed to enter the United States?
9. Does anyone believe that it should legal to enter the United States without authorization?
10. Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?
11. Does everyone understand that the laws of the United States equally apply to everyone who enters the United States?

12. Does everyone understand that as a juror you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?

13. Does anyone think that, regardless of the strength of the evidence, they will have trouble deciding whether the Defendant is guilty or not guilty?

14. Does anyone think they cannot decide whether a person is guilty or not guilty?

15. Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

## IX

## JURY INSTRUCTIONS

The United States will submit proposed jury instructions under separate cover.

DATED: May 2, 2008.                    Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ David D. Leshner
DAVID D. LESHNER
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                ) | Case No. 08-CR-0368-JLS |
|                  Plaintiff,                                   ) | |
|          v.                                                       ) | CERTIFICATE OF SERVICE |
| RODOLFO VASQUEZ-GONZALEZ,       ) | |
|                  Defendant.                                 ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' TRIAL MEMORANDUM** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Russell Babcock, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2008.

/s/ David D. Leshner
DAVID D. LESHNER